E-FILED
Monday, 31 March, 2008 09:20:26 AM
Clerk, U.S. District Court, ILCD

FILED
MAR 3 1 2008
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DAVID L. DEWEY, | § | |
| Petitioner, | § | |
| vs. | § | Docket Nos. 03-40045-001 |
| | | 03-40128 |
| UNITED STATES OF AMERICA | § | 03-40129 |
| | | 03-40130 |
| Respondent. | § | 03-40131 |

PETITION TO MODIFY JUDGMENT OF
COMMITMENT IN RE RESTITUTION

NOW COMES, David L. Dewey, the Petitioner acting in pro se, and hereby moves this Honorable Court pursuant to Title 18 U.S.C. § 3664(6)(B)(2), for modification of his Judgment(s) of Commitment(s) (5 Total) entered by this Honorable Court on May 14, 2004, specifically pertaining to the restitution of $38,128.49 that was ordered by this Honorable Court.

NATURE OF THE CASE

1.) Petitioner was sentenced on May 14, 2004, to a term of imprisonment of sixty (60) months for Count One and two hundred and seventy-six (276) months for Count Two, to run concurrently to each other along with the sentences imposed by this Honorable Court under CDIL case numbers 03-40128, 03-40129, 03-40130, and 03-40131. Furthermore, Petitioner was sentenced to a term of imprisonment of eighty-four (84) months for Count Three to run consecutive to Counts One, Two, and CDIL case numbers 03-40128, 03-40129, 03-40130, and 03-40131. Petitioner pled guilty to One Count of Conspiracy to Commit Aggravated Bank Robbery, Nine Counts of Aggravated Bank Robbery and One Count

of Brandishing a Firearm During a Bank Robbery.

2.) Petitioner's sentence was amended under case number 03-40045-001 on September 22, 2006, from the original term of imprisonment of two hundred and seventy-six (276) months to one hundred and sixty-eight (168) months for Counts One and Two. There was not an amendment made to Count Three.

3.) Petitioner's sentence was amended under case number(s) 03-40128, 03-40129, 03-40130, and 03-40131 on October 26, 2007, from the original term of imprisonment of two hundred and seventy-six (276) months to one hundred and sixty-eight (168) months for Counts One and Two. There was not an amendment made to Count Three

4.) Petitioner was ordered to pay restitution in the amount of $38,128.49. The breakdown of the restitution is as follows:

```
A.)  $7,013.00 - American Bank & Trust - 03-40045-001
B.)  $  798.00 - Bank of America - 03-40128
C.)  $5,491.00 - Sterling Savings Bank - 03-40129
D.)  $3,307.00 - Homestreet Bank - 03-40129
E.)  $7,962.50 - Rainier Pacific Bank - 03-40129
F.)  $3,257.99 - Sterling Savings Bank - 03-40129
G.)  $4,805.00 - Commercial Federal Bank - 03-40130
H.)  $4,631.00 - Associated Bank - 03-40131
I.)  $  863.00 - F & M Bank - 03-40131
```

5.) There was no special instructions as to how payment of restitution should be made other than, if a prison term was imposed Petitioner should make payments through the Federal Bureau of Prisons' Inmate Financial Responsibility Program. Note at the time of sentencing this Honorable Court actually ordered Petitioner to pay full restitution due

2

immediately. However, Petitioner was unable to fulfill this order as Petitioner was financially unable to pay full restitution due immediately, and, therefore, the status remains the same.

6.) Petitioner was processed into the Federal Bureau of Prisons and upon review of Petitioner's Judgment of Commitments, Petitioner was required to agree to start making quarterly (every 3 months) payments of $50.00. Petitioner informed the Federal Bureau of Prisons that the restitution order by this Honorable Court was illegal and that the Federal Bureau of Prisons does not have the authority to collect any restitution payments from the Petitioner until this Honorable Court sets a schedule of equal monthly installments. As the schedule incorporated into the Judgment of Commitments at the time of sentencing is illegal according to the United States Code and the United States Constitution. This is now Petitioner's request.

7.) This Honorable Court itself is required to set all restitution payments, and also set up a payment schedule for the Petitioner to follow. This Honorable Court did not do this, and has tried to delegate its authority to the Federal Bureau of Prisons through its Inmate Financial Responsibility Program which is illegal and not set-forth within the law.

8.) Federal Bureau of Prisons' Program Statement § 5380.08 and 28 C.F.R. § 545.10 Inmate Financial Responsibility Program, specifically § 545.10(a) and (b) set forth the procedures to be used to determine the amount of payments that are

to be made either monthly or quaterly. These procedures are not being followed by the Federal Bureau of Prisons. The Federal Bureau of Prisons have taken it upon theirself to withhold an amount that they choose every month.

9.) Federal Bureau of Prisons' Program Statement § 5380.08, page 7, Section Payment reads in pertinent part:

> "In developing an inmate's financial plan, the Unit Team SHALL first subtract from the trust fund account the inmate's minimum payment schedule for UNICOR or non-UNICOR work assignments, set forth below in paragraph (b)(1) and (b)(2) of this section. The Unit Team SHALL then exclude from its assessment $75.00 a month deposited into the inmate's trust fund account. This $75.00 is excluded to allow the inmate the opportunity to better maintain telephone communications under the Inmate Telephone System."

At each program review, when reviewing the inmate's financial plan, the Unit Team MUST:

> "Determine the total fund deposited into the inmate's trust fund account for the previous six months."

> "Subtract the Financial Responsibility Program payments made by the inmate during the previous six months."

> "Subtract $450.00 (i.e., $75 x 6 months, for the Inmate Telephone System exclusion."

§ 5380.08

Any money remaining after the above computation may be considered for Financial Responsibility Program payments, regardless of whether the money is in the inmate's trust fund or phone credit account. The Unit Team has the discretion to consider all monies above that computation to adjust the inmate's

4

Financial Responsibility Program payment plan. However, the Unit Team is not honoring their own procedure.

10.) Petitioner is currently paying $50.00 per quarter. Petitioner is having a difficult time affording $50.00 per quarter. Furthermore, this is a direct violation of the Federal Bureau of Prisons' Inmate Financial Responsibility Program, along with the United States Code and the United States Constitution.

## FIRST CAUSE OF ACTION

11.) The actions of the Federal Bureau of Prisons stated in paragraphs 1 through 10 denied Petitioner his Due Process rights under the Fifth Amendment to the United States Constitution.

12.) Petitioner's rights under 18 U.S.C. § 3663(a), The Mandatory Victims Restitution Act of 1996, are being violated by the Federal Bureau of Prisons by collecting monies from the Petitioner without the authority to do so under 18 U.S.C. § 3664 and other United States Code cites.

13.) The actions of the Federal Bureau of Prisons stated in paragraphs 1 through 10 violates Petitioner's rights under Article III of the United States Constitution.

14.) This Honorable Court itself has violated Article III of the United States Constitution by delegating its authority to the Federal Bureau of Prisons.

15.) This Honorable Court does not have the authority to delegate its authority to the Federal Bureau of Prisons to set payment schedules for restitution under Title 18 U.S.C. §

5

3664, and this delegation violates the United States Constitution under Article III.

### RELIEF REQUESTED

Wherefore, for all of the foregoing reasons, Petitioner respectfully requests this Honorable Court to grant his petition based upon the foregoing reasons and in accordance to <u>Soroka v. Daniels</u>, 467 F.Supp. 2d., 1097 (D.Or. 2006). Futhermore, Petitioner requests that this Honorable Court issue an order ordering the Federal Bureau of Prisons to stop collecting monies until this Honorable Court imposes a specific schedule of payments to be collected during Petitioner's imprisonment consistent with 18 U.S.C. § 3663(a).

Therefore, Petitioner is requesting that this Honorable Court impose a specific schedule of payments to be collected during Petitioner's imprisonment at $25.00 per quarter (every 3 months as is common practice with other like suited inmates) or an amount that this Honorable Court will be satisfied consistent with 18 U.S.C. § 3663(a).

Executed on this the 28 day of March, 2008.

Respectfully submitted,

David L. Dewey

*March 28, 2008*

Office of the District Clerk
Post Office Building, Room 40
211 19th Street
Rock Island, IL 61201

Re:  <u>Dewey v. United States</u>,
     Docket No. 03-40045-001

Dear Clerk of the Court:

Please find enclosed <u>Petition to Modify Judgment</u> and would ask that you please file at your earliest convenience. With one of the copies that I have supplied I would also ask that you please file stamp and return to me for my personal records.

Further, let it be known that I have served same upon the United States Attorney.

Thank you for your kind assistance in this matter.

Sincerely,


David L. Dewey
Reg. No. 18152-047
Federal Correctional Institution
P. O. Box 5000
Pekin, IL 61555